IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br>　　　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>FIREMEN'S INSURANCE COMPANY OF<br>WASHINGTON, DC, *et al.*<br><br>　　　　　　　　　　　　　　Defendants. | Action No. 08:09–CV–2361—AW |

# MEMORANDUM OPINION

Pending before the Court is Defendant Netherlands Insurance Company's ("the Netherlands") Motion for Partial Reconsideration of the Court's February 9, 2011 Order. (Doc. No. 48). Also pending before the Court is Federal Insurance Company's ("Federal") Motion for Partial Reconsideration of the Court's February 10, 2011 Order and Opinion. (Doc. No. 49). The parties have fully briefed the instant motions, and the Court deems that no hearing is necessary. For the reasons stated herein, the Netherlands' Motion for Reconsideration is **DENIED**, and Federal Insurance Company's Motion for Partial Reconsideration is **DENIED**.

## I.　　Factual and Procedural Background

This case was filed on September 9, 2009. The matter arises out of a dispute between Plaintiff Federal Insurance Company, Defendant Netherlands Insurance Company, and Firemen's Insurance Company of Washington, D.C. regarding each insurer's obligation to provide insurance coverage for a suit ("the Hammerash Arbitration") against the business entities, Case Design and its subsidiary, Case Handyman.

Each party filed a Motion for Summary Judgment, on which the Court issued a ruling on February 9, 2011. In Federal's Motion for Summary Judgment, they argued that Firemen's

Insurance Company and the Netherland's Insurance Company were obligated to cover the Hammerash Arbitration as primary insurers, pursuant to the "other insurance" provision in their respective policies, allegedly making Federal's coverage excess to the primary coverage of the Netherlands and Firemen's.  The Netherlands and Firemen's each filed cross motions for summary judgment.  In its motion for summary judgment, Firemen's sought a declaratory judgment, declaring that Firemen's owed no duty to defend Case Design or provide coverage in the Hammerash Arbitration and that its coverage for Case Design was excess to the Netherlands. The Netherlands sought declaratory judgment, requesting a declaration that Federal was not entitled to indemnity from the Netherlands and that Federal must contribute to the defense of the Hammerash Arbitration on an equal basis with the Netherlands and Firemen's toward the future defense costs of Case Handyman.

The Court granted in part and denied in part Plaintiff Federal Insurance Company's Motion for Summary Judgment, finding that Federal's policy was "excess to" the Netherland's policy but that Federal was entitled to contribution from the Netherlands for their defense of the Hammerash Arbitration.  Additionally, the Court granted in part and denied in part Defendant Netherland Insurance Company's Cross Motion for Summary Judgment, finding that the Netherlands was not required to indemnify Federal but must contribute to the defense costs of the Hammerash Arbitration.  Finally, the Court granted Firemen's Insurance Company's Motion for Summary Judgment, finding that Firemen's policy was excess to the Netherland's policy, and the Firemen's Insurance Company had no duty to defend the Hammerash Arbitration.  (Doc. No. 47).  The Court subsequently terminated Firemen's from this case.

On February 24, 2011, the Federal filed a Motion for Partial Reconsideration of the Court's February 9, 2011 Order and Memorandum Opinion.  On the same day, Federal

Insurance Company filed a Motion for Partial Reconsideration of the Court's Order and Memorandum Opinion. In their Motion for Partial Reconsideration, the Netherlands contends that the Court erred in holding that the Netherlands was obligated to defend Case Design, despite the fact that the Netherlands does not insure Case Design.

Federal seeks reconsideration on two issues. Federal alerts the Court that the New York Court of Appeals reversed *Fieldston Prop. Owners Assoc. v. Hermitage Ins. Case.*, 873 N.Y.S. 2d 607 (N.Y. App. Div. 2009) on the day that Federal filed its Motion for Reconsideration, a decision which the Court found persuasive when making its finding that the "other insurance" clause in the Federal policy was inapplicable. Federal also requests that the Court reconsider its decision dismissing Firemen's Insurance Company of Washington, D.C. from this case.

## II. Standard of Review

Rule 59(e) permits a court to alter or amend a judgment. The purpose of Rule 59(e) motions is to allow "a district court to correct its own errors, sparing the parties and the appellate court of the burden of unnecessary appellate proceedings." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998). Although Rule 59(e) does not provide a standard for governing the grant of motions to amend or alter, the Fourth Circuit has recognized that an amendment to earlier judgments is appropriate for three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.; Hutchinson v. Stanton,* 994 F.2d 1076, 1081 (4th Cir.1993). However, a party cannot assert new theories or arguments that could have been raised before the judgment as the basis for the motion to alter the earlier judgment. *Pac. Ins. Co.,* 148 F.3d at 403. Nevertheless, reconsideration is an "extraordinary remedy which should be used sparingly." *Id.*

### III. Analysis

**A. The Netherland's Obligation to Insure Case Handyman and Case Design in the Hammerash Arbitration**

In the Court's February 10, 2011 Order and Memorandum Opinion, the Court found that "while Case Design may not be a covered entity under the Netherlands policy, the fact that this entity was named in the Hammerash Arbitration does not provide an absolute shield to the Netherlands from their obligation to defend Case Handyman in the Hammerash arbitration. Though the claims against Case Design may be uncovered under the Netherlands policy, there is a possibility that claims against Case Handyman (indisputably insured by the Netherlands) are covered, thus triggering the Netherland's obligation to defend the entire suit." (Doc. No. 46, at 11). The Netherlands moves this Court to reconsider its decision finding that the Netherlands has a duty to defend entire Hammerash Arbitration, despite the fact that it only insures Case Handyman. The Netherlands argues that they "did not provide coverage of any kind to Case Design, did not accept any premium in exchange for a promise to provide coverage for Case Design, and was under no obligation to provide Case Design with a defense or contribute to the costs of its defense." (Doc No. 48-1, at 1). The Court does not agree.

As the Fourth Circuit noted in *Perdue Farms, Inc. v. Traveler's Cas. and Surety Co. of Am.,* 448 F.3d 252, 258 (4th Cir. 2006), "[u]nder Maryland's comprehensive duty to defend, if an insurance policy potentially covers any claim in an underlying complaint, the insurer . . . must typically defend the entire suit, including non-covered claims." *See also Ryland Mortgage Co. Inc.*, v. *Traveler's Indem. Co. of Ill.,* 177 F. Supp. 2d 435, 440 (D. Md. 2001) (citing *Continental Casualty v. Board of Educ. Of Charles County*, 302 Md. 516, 544 (1985) for its holding that " '[s]o long as an item of service or expense is reasonably related to defense of a covered claim, it

may be apportioned wholly to the covered claim.' According to the court, '[l]egal services and expenses are reasonably related to a covered count if they would have been rendered and incurred by reasonably competent counsel engaged to defend a suit.' This Court has extended the 'reasonably related' test from the context of covered an uncovered *claims*, to the allocation defense expenses among covered and uncovered *parties*.") (Internal citations omitted) (emphasis in original), *vacated on other grounds* by *Traveler's Indem. Co. of Ill. v. Liberty Mutual Ins. Co.*, 70 Fed. Appx. 673 (4th Cir. 2003)). Considering the fact that the Fourth Circuit has clearly recognized Maryland's comprehensive duty to defend, the Court sees no reason to upset its prior ruling that the Netherlands has a duty to defend the entire Hammerash Arbitration. As the Court observed in its prior ruling, Hammerash Complaint contained both potentially covered and non-covered claims under the Netherlands' policy, thus triggering the Netherlands' duty to defend the entire Hammerash Arbitration. Accordingly, the Netherland's Motion for Reconsideration is **DENIED.**

### B. Applicability of the "Other Insurance" Clause in the Federal Policy

In the Court's February 10, 2010 Memorandum Opinion, the Court found that the Netherlands' policy with Case Handyman was a General Commercial Liability Policy, while Federal's policy covered Case Handyman for Directors and Officers Liability. Accordingly, the Court found that the two policies covered different risks, and thus failed to trigger the "other insurance" provision of the Federal policy which would make Federal's coverage excess to the Netherlands'.

In the Court's February 10, 2010 Memorandum Opinion, the Court relied on *Fieldston Property Owners Ass'n v. Hermitage Ins. Co., Inc.*, 873 N.Y.S. 2d 607 (2009) as persuasive precedent for why the "other insurance clause" was inapplicable to the case at bar. In *Fieldston*,

the New York Supreme Court found that Hermitage Insurance Company issued a Commercial General Liability Policy to Fieldston Property Owners. *Id.* at 608. Federal Insurance Company also insured Fieldston under a Directors and Officers Liability Policy. Federal alleged that the D&O policy was excess to the Hermitage policy. *Id.* at 609. The Court found that the "other insurance" clause was not triggered because that clause only applied "where a loss is insured under both the D&O policy and another 'valid policy.'" *Id.* The Court found that at least some of the claims asserted in the defense of the insured were certainly covered by Federal's D&O policy. However, there was only one possible claim that was covered under Hermitage's policy. *Id.* The Court therefore found that the parties did not insure for concurrent risks, and "[a]ccordingly, the 'other insurance' clause is inapplicable to the risks of all other such losses, and the D & O policy thus provides primary coverage with respect to some of those risks." *Id.* at 611.

In a decision rendered shortly after the Court issued its February 10, 2011 Memorandum Opinion, the New York Court of Appeals reversed the lower court's decision in *Fieldston*, holding that the "other insurance clause" was in fact applicable. 16 N.Y.3d 257 (2011). Basing its ruling on the language of the insurance policies at issue and the "broad duty to defend," the court appeared to find that the "other insurance" clause was triggered and thus Federal's D & O Policy was excess to Hermitage's CGL Policy. *Id.* at 265. Analyzing the language in the two policies before the court, it noted that a possibility existed that "Hermitage's CGL policy cover[ed] at least one cause of action in each of the two underlying complaints," and therefore "Hermitage [had] a duty to provide a defense to the entirety of both complaints." *Id.* It is important to note the import of the language that the parties specifically used in their respective

insurance policies, as the Court noted that this language dictated the outcome in *Fieldston*. *See id.* ("If the policies were drafted using different language, we might hold differently . . . .).

In the lower court's decision in *Fieldston*, it engaged in an extensive analysis of how "other insurance" clauses are implicated only when policies cover the "same risk." *See generally Fieldston*, 873 N.Y.S. 2d at 607-14. Noteworthy to this Court is the New York Court of Appeals' absence of any discussion of the lower court's "same risk" analysis. Accordingly, it appears to this Court that the New York Court of Appeals analyzed the applicability of the "other insurance" clause in *Fieldston* based on the concept of a broad duty to defend, without determining whether the two policies covered the "same risk," as other courts have customarily done when determining the applicability of an "other insurance" clause. *See Fieldston*, 16 N.Y.3d at 265 (holding that, "[b]ased on the broad duty to defend, and upon the conceded possibility that Hermitage's CGL policy covers at least one cause of action in each of the two underlying complaints, Hermitage has a duty to provide a defense to the entirety of both complaints.")

Specifically in the Fourth Circuit, courts have consistently held that "other insurance" clauses are triggered when two policies cover the same risk. *See Medical Protective Co v. Nat'l Union Fire Ins.*, 25 Fed. Appx. 145, 146 n. 1 (4th Cir. 2002) (noting that "[a]n 'other insurance' clause applies when two or more insurance policies cover the same risk for the benefit of the same person."); *Pacific Employers Ins. Co. v. Eig*, 160 Md. App. 416, 442 (2004) (observing that "[w]here one policy has an excess other insurance clause and another policy on the same risk does not, the former policy will not come into effect until such time as the limits of the latter policy are exhausted."); *State v. Janicki*, 188 W. Va. 100, 102 (1992) (holding that "'the unmistakable and valid objective of 'other insurance' clauses it to limit or avoid a carrier's

liability when risk coverage is identical. But as one court has recognized, '[I]t is first necessary to show that both policies cover the same risk . . . .Then the "other insurance" clauses of each policy come into play and the game of policy semantics begins.'"); *St. Louis Fire & Marine Insurance Co. v. Aetna Insurance Co.*, 283 F. Supp. 40, 46 (S.D.W.Va. 1968) (explaining that "excess and other insurance clauses are applicable only where there is overlapping or double insurance and this occurs only where two or more policies insure the same party upon the same subject matter and assume the same risks.")

While the Court relied on *Fieldston* as persuasive authority in its Memorandum Opinion, the New York Supreme Court's decision guided the Court's analysis with respect to the way it should assess when two policies insure the "same risk." As the Fourth Circuit continues to evaluate the applicability of "other insurance" clauses by determining whether the contending insurers cover the "same risk," this Court sees no reason to depart from this established precedent, despite the recent ruling by the New York Court of Appeals in *Fieldston* which apparently did not engage in such an analysis. Therefore, the Court will not disturb its ruling that the Netherlands and the Federal policies insure against different risks. As such, the "other insurance" clause is inapplicable to this case, and Federal's insurance is not "excess" to the Netherlands' insurance coverage for Case Handyman. Accordingly, the Court will **DENY** Federal's Motion for Partial Reconsideration on this issue.

### C. Dismissal of Firemen's From Suit

Federal also asks this Court to reconsider its decision to terminate Firemen's Insurance Company from this case. Federal argues that the Court prematurely dismissed Firemen's from this matter. According to Federal, after supplemental briefings are filed regarding the amount of contribution that the Netherlands owes to Federal, the Court could potentially conclude that the

Netherlands' duty to defend ended when the Hammerash Arbitration issued its decision on summary judgment on June 24, 2009. Federal argues that if the Court were to conclude that the Netherlands' duty to defend the Hammerash Arbitration ended after summary judgment was entered in the arbitration, and hence Federal was not entitled to receive contribution from the Netherlands for any defense costs sustained after summary judgment was entered, then Firemen's would be responsible for covering such costs.

The Court agrees with Federal that Firemen's should remain a party to this case, pending further briefings from the parties on the contribution amounts that the Netherlands owes Federal. Therefore, the Court will reinstate Firemen's as a party this case, and Federal's Motion for Partial Summary Judgment is **GRANTED** as to this issue.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Netherland's Partial Motion for Reconsideration. The Court **GRANTS-in-PART** and **DENIES-in-PART** Federal's Partial Motion for Reconsideration, with the result that Firemen's Insurance Company of Washington, D.C. is reinstated as a defendant in this case. An Order consistent with this Memorandum Opinion will follow.

Date: <u>July 11, 2011</u>      _____/s/_____
           Alexander Williams, Jr.
           United States District Judge