IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>FIREMEN'S INSURANCE COMPANY OF WASHINGTON, D.C. *et al.*,<br><br>　　Defendants. | Civil Action No. 8:09-cv-02361-AW |

**MEMORANDUM OPINION**

Pending before the Court is Defendant Firemen's Insurance Company of Washington's ("Firemen") Motion for Partial Reconsideration of the Court's July 11, 2011 Opinion and Order ("July 25 Motion for Partial Reconsideration"). (Doc. 57.) The Parties have fully briefed the pending Motion and the Court deems that no hearing is necessary. For the reasons stated herein, the Court **DENIES** Firemen's July 25 Motion for Partial Reconsideration.

**I.　FACTUAL AND PROCEDURAL BACKGROUND**

The matter arises out of a dispute between Plaintiff Federal Insurance Company ("Federal"), Defendant The Netherlands Insurance Company ("the Netherlands"), and Defendant Firemen's regarding each insurer's obligation to provide insurance coverage for a suit ("the Hammerash Arbitration") against two business entities: Case Design and its subsidiary, Case Handyman.

Each party filed a motion for summary judgment, concerning which the Court issued a ruling on February 9, 2011 ("February 9 Opinion and Order"). (Docs. 46–47.) In its motion for

summary judgment, Federal argued that Firemen's and the Netherlands were obligated to cover the Hammerash Arbitration as primary insurers, pursuant to the "other insurance" provisions in their respective policies. Specifically, Federal argued that these provisions made Federal's coverage excess to the primary coverage of the Netherlands and Firemen's.

The Netherlands and Firemen's each filed cross-motions for summary judgment. In its cross-motion for summary judgment, Firemen's sought declaratory judgment on the ground that Firemen's owed no duty to defend Case Design or provide coverage in the Hammerash Arbitration. Firemen's further argued that its coverage for Case Design was excess to the Netherlands'. For its part, the Netherlands sought declaratory judgment on the ground that Federal was not entitled to indemnity from the Netherlands and that Federal had to contribute to the defense of the Hammerash Arbitration on an equal basis with the Netherlands and Firemen's.

The Court granted in part and denied in part Federal's motion for summary judgment. The Court held that Federal's policy was not excess to the Netherland's policy but that Federal was entitled to contribution from the Netherlands for their defense of the Hammerash Arbitration. Additionally, the Court granted in part and denied in part the Netherlands' cross motion for summary judgment. The Court ruled that the Netherlands was not required to indemnify Federal but that the Netherlands must contribute to the defense costs of the Hammerash Arbitration. Finally, the Court granted Firemen's motion for summary judgment. The Court held that Firemen's policy was excess to the Netherland's policy and that Firemen's had no duty to defend the Hammerash Arbitration. The Court terminated Firemen's as a party to the case. The Court also directed Federal and the Netherlands to submit supplemental briefing regarding (1) the contribution amounts owed to Federal and (2) whether the Netherlands' duty to

defend ceased when Case Handyman's motion for summary judgment in the Hammerash Arbitration was granted in part.

Following the Court's February 9 Opinion and Order, the Clerk of the Court evidently removed Firemen's counsel from the ECF filing system service list for this case. Consequently, Firemen's counsel apparently stopped receiving copies of all filings in this case after February 10, 2011.

On February 24, 2011, Federal and the Netherlands both filed motions for reconsideration of the February 9 Opinion and Order. (Docs. 48–49.) In Federal's motion for partial reconsideration, Federal argued that it was premature to dismiss Firemen's from the case. Specifically, Federal argued that Firemen's could be responsible for covering the costs of defending the Hammerash Arbitration if the Court concluded that the Netherlands' duty to defend the Hammerash Arbitration ended after summary judgment. That is, in Federal's estimation, Federal might not be entitled to receive contribution from the Netherlands for any defense costs sustained after summary judgment was entered in the Hammerash Arbitration, in which case Fireman's would be responsible for covering such costs. In an Opinion and Order issued on July 11, 2011 ("July 11 Opinion and Order"), the Court agreed with Federal that Firemen's should remain a party to the case pending further briefing from the parties regarding the contribution amounts that the Netherlands owes Federal. (Docs. 54–55.) Thus, the Court reinstated Firemen's as a party to the case.

On July 25, 2011, Firemen's filed a motion for partial reconsideration of the Court's July 11, 2011 Opinion and Order ("July 25 Motion for Partial Reconsideration"). In its July 25 Motion for Partial Reconsideration, Firemen's asks the Court to reconsider its decision to reinstate Fireman's as party to the case. Specifically, Firemen's argues that it has no duty to

defend the Hammerash Arbitration because, in its view, Firemen's policy is excess to Federal's and the Netherlands' respective policies. Alternatively, Firemen's argues that the Court should take the following steps. First, the Court should give Firemen's thirty days to respond to the motions for reconsideration and concomitant briefs that Federal and the Netherlands filed regarding the Court's February 9, 2011 Opinion and Order. Second, the Court should stay further briefing regarding the issue contribution pending the resolution of the issue of Firemen's dismissal.

## II. STANDARD OF REVIEW

Rule 59(e) permits a court to alter or amend a judgment. The purpose of Rule 59(e) motions is to allow "a district court to correct its own errors, sparing the parties and the appellate court of the burden of unnecessary appellate proceedings." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Although Rule 59(e) does not specify a standard for motions to amend or alter, the Fourth Circuit has recognized that an amendment to earlier judgments is appropriate in three cases: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.*; *see also* Fed. R. Civ. P. 60(b) (providing that a party may obtain relief from a judgment or final order "for any reason that justifies relief" from operation of the judgment). Nevertheless, a party may not assert new theories or arguments that could have been raised before the judgment as the basis for the motion to alter the earlier judgment. *Pac. Ins. Co.*, 148 F.3d at 403. Moreover, reconsideration is an "extraordinary remedy which should be used sparingly." *Id.*

**III.    LEGAL ANALYSIS**

Firemen's moves the Court to reconsider its decision to reinstate Firemen's as party to the case. Firemen's argument proceeds as follows. First, Firemen's notes that the Court held in its February 9 Opinion that "Firemen's policy is excess to the Netherland's policy" pursuant to an exception in Firemen's other insurance clause. Doc. 58 at 2. Second, Firemen's conclusorily states that "Firemen's Policy is excess to . . . Federal's Policy." Doc. 58 at 3. Third, Firemen's highlights the following language from Firemen's policy:

> When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit." If no other insurer defense [sic], we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

*Id.* (citing Doc. 29-5 at 168).

Based on these three considerations, Firemen's concludes that its policy requires the Court to dismiss it from the suit. In other words, Firemen's argues that its insurance is excess to Federal's and the Netherlands'. Therefore, pursuant to the preceding contractual language, Firemen's has no duty to defend unless no other insurer has undertaken the defense. Firemen's observes that "Federal has a duty to defend the insured in this case and is, in fact, defending the insured." *Id.* at 3. Accordingly, the argument goes, "Firemen's has no duty to defend in such case and dismissal from this litigation is not premature and is required under the Policy." *Id.* at 3–4.

Federal's opposition exposes the specious nature of this argument. Doc. 59. Initially, Federal argues that "Firemen's reliance on the 'other insurance' clause is contrary to this Court's prior rulings." *Id.* at 3. Federal states that "[i]n its February 9 decision . . . , this Court held that as

between Federal on the one hand and Netherlands and Firemen's on the other, the so-called 'other insurance' clauses of the respective policies did not apply because Federal and Netherlands/Firemen's covered 'different risks.'" *Id.*

Although the Court may not have explicitly so held, Firemen's interprets the Court's February 9 Opinion soundly. In this Opinion, the Court wrote that "the Court finds that the Netherlands and the Federal policies insure different risks." Doc. 46 at 17. The Court added that "[t]herefore, the 'other insurance' clause is inapplicable in this case, and Federal's insurance is not 'excess' to the Netherlands' insurance coverage." *Id.*

In the same Opinion, the Court proceeded to discuss Firemen's other insurance clause. *Id.* at 22–23. The Court noted that Firemen's alleged that "the 'other insurance' clause in the Firemen's and Netherlands policies are substantially the same." *Id.* (citations omitted). The Court agreed with this characterization of Firemen's other insurance clause, writing that "[t]he other insurance clauses at issue are similar to the Federal 'other insurance' clause already discussed." *Id.* at 23–24. Likewise, the Court approvingly mentions Firemen's "[acknowledgement] that its other insurance clause is nearly identical to the Netherlands' clause." *Id.* at 24. Furthermore, Firemen's seems to concede that Firemen's and the Netherlands' other insurance clauses are effectively equivalent. In its July 25 Motion for Partial Reconsideration, Firemen's writes:

> This Court held Federal's "other insurance" clause is inapplicable because the Federal Policy, a Directors & Officers Liability providing coverage for "Wrongful Acts," and the commercial general liability policies issued by **Firemen's and Netherlands** which provide coverage only for "bodily injury" and "property damage" that is caused by an "occurrence" insure against different risks.

Doc. 58 at 2 (emphasis added). Hence, even if the Court did not explicitly hold that Firemen's other insurance clause was inapplicable relative to Federal's, the conclusion is implicit in the Court's decision.

The preceding analysis shows that one cannot reconcile Firemen's argument that its policy is excess to Federal's policy with the Court's February 9 Opinion. The contractual language that Firemen's highlights in its July 25 Motion for Partial Reconsideration is thus irrelevant. Accordingly, the Court denies Firemen's Motion in relation to this argument.

Federal attacks Firemen's July 25 Motion for Partial Reconsideration on separate ground. Federal argues that, even if the Court applied the other insurance clause from Firemen's policy, the policy's plain language illustrates that "Firemen's coverage is not excess to Federal's policy." Doc. 59 at 4. Federal continues to persuasively argue that Federal fails to fall into any of the relevant provisions. *See id.* at 4–5. In light of the Court's determination that one cannot reconcile Firemen's argument that its policy is excess to Federal's policy with the Court's February 9 Opinion, the Court declines to fully address the merits of Federal's alternative argument. It suffices to say that the argument appears to be correct and that Firemen's fails to address this argument in its reply. Doc. 60.

In light of the preceding considerations, the Court declines to alter its decision to reinstate Fireman's as party to the case.

In the alternative, Firemen's moves the Court to furnish Firemen's with thirty days to respond to the motions for reconsideration and concomitant briefs that Federal and the Netherlands filed regarding the Court's February 9 Opinion and Order. Firemen's also asks the Court to stay further briefing regarding the issue of contribution pending the resolution of the issue of Firemen's dismissal.

The Court denies these requests. By filing its July 25 Motion for Partial Reconsideration, Firemen's has already enjoyed an opportunity to raise its objections to the Court's July 25 Opinion and Order. Firemen's did precisely this. Firemen's also had an opportunity to and, in fact did, reply to Federal's opposition. In short, the applicable procedural rules provided Firemen's with a vehicle for protecting its interests and Firemen's availed itself of this vehicle. Any further briefing on this issue would inject more delay into the suit and simply belabor the point. The Court also rejects Federal's characterization of its July 11 Opinion and Order as "lengthy." The Opinion is only nine pages and the section that discusses Firemen's reinstatement is roughly half a page. In short, in Federal's words, "the standard fourteen-day period provided under the local rules for motions for reconsideration afforded Firemen's with more than enough time to prepare an 'appropriate response' to this Court's July 11 Order." Doc. 58 at 7. Accordingly, the Court denies Firemen's request for thirty days to respond to the motions for reconsideration and concomitant briefs that Federal and the Netherlands filed regarding the Court's February 9, 2011 Opinion and Order.

The Court also declines to stay further briefing regarding the issue of contribution pending the resolution of the issue of Firemen's dismissal. This request is moot because the Court has decided this issue against Firemen's. As the Court has reinstated Firemen's to the suit, Firemen's may submit briefs and documentation on the issue of contribution on equal footing with the other parties.[1]

---

[1] This is not to suggest that Firemen's would have had no such opportunity had the Court not reinstated it to the suit.

**IV.     CONCLUSION**

For the foregoing reasons, the Court **DENIES** Firemen's July 25 Motion for Partial Reconsideration.

|   |   |
|---|---|
| November 9, 2011 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |